UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD W. MURRAY,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>ANDERSON BJORNSTAD KANE<br>JACOBS, INC., et al.,<br><br>　　　　Defendants. | No. C10-484 RSL<br><br>AMENDED* ORDER GRANTING<br>PLAINTIFF'S MOTION FOR PARTIAL<br>SUMMARY JUDGMENT RE:<br>STANDARD OF REVIEW |

## I. INTRODUCTION

This matter comes before the Court on plaintiff Edward Murray's motion for partial summary judgment regarding the standard of review. Plaintiff brought this action for disability insurance benefits against defendants pursuant to the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1132. Plaintiff alleges that defendants initially denied his claim for long term disability benefits on January 2, 2009. Compl. ¶2.9; Dkt. #18, Ex. D. Plaintiff appealed defendants' initial denial through the administrative process, and submitted additional information in support of his appeal. Compl. ¶¶2.10-2.12; Dkt. #18 ¶11. On January 11, 2010,

---

*The Order is amended to reflect that WAC 284-96-012 became effective September 5, 2009.

AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: STANDARD OF
REVIEW - 1

defendants denied plaintiff's appeal and notified him that he had exhausted his administrative remedies and could file suit. Compl. ¶2.13; Dkt. #18, Ex. F. In his motion for partial summary judgment, plaintiff moves the Court for an order ruling that the *de novo* standard of review is applicable to this case. Defendants argue that the applicable standard of review is abuse of discretion. Having reviewed the memoranda, exhibits, oral argument and the record herein, the Court GRANTS plaintiff's motion.

## II.  ANALYSIS

Under ERISA, the proper standard of review of a plan administrator's benefits denial is *de novo* unless the plan grants discretionary authority to the administrator. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Where the plan gives the administrator discretionary authority, the court reviews the decision for abuse of discretion. Saffon v. Wells Fargo & Co. Long Term Disability Plan, 522 F.3d 863, 866 (9th Cir. 2008).

Plaintiff does not dispute that his plan gives discretionary authority to "the Plan Administrator, and any designee (which shall include Unum as a claims fiduciary)." Dkt. #19 [Wooten Decl.], Ex. A at 43, Ex. B at 90. Rather, plaintiff argues that the *de novo* standard is applicable because Washington State law prohibits discretionary clauses. WAC 284-96-012. This is an issue of first impression in Washington.

### A.  Preemption

Defendants argue that the regulation is preempted because it conflicts with the objectives of Congress and because it duplicates, supplements or supplants ERISA's comprehensive remedial scheme. Dkt. #16 at 19-20. The Court finds that these arguments lack merit because the regulation does not interfere with any of Congress' objectives in passing ERISA, and the authority cited by defendants does not compel a contrary conclusion. Further, all of the preemption arguments raised by defendants are properly analyzed under the framework of Kentucky Ass'n of Health Plans, Inc. v. Miller, 538 U.S. 329, 342 (2003).

ERISA preempts state laws that "relate to any [covered] employee benefit plan." 29 U.S.C. § 1144(a). However, the savings clause saves from preemption "any law of any State

AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: STANDARD OF
REVIEW - 2

which regulates insurance, banking, or securities." Id. § 1144(b)(2)(A).  To be saved, a regulation must satisfy a two-part test: (1) "the state law must be specifically directed toward entities engaged in insurance"; and (2) the law "must substantially affect the risk pooling arrangement between the insurer and the insured." Kentucky Ass'n, 538 U.S. at 342.

WAC 284-96-012 prohibits insurance policies from containing discretionary clauses. The regulation provides in relevant part:

> (1) No disability insurance policy may contain a discretionary clause. "Discretionary clause" means a provision that purports to reserve discretion to an insurer, its agents, officers, employees, or designees in interpreting the terms of a policy or deciding eligibility for benefits, or requires deference to such interpretations or decisions, including a provision that provides for any of the following results:
> * * *
> (c) That the insurer's decision to deny, modify, reduce or terminate payment, coverage, authorization, or provision of health care service or benefits, is binding;
> * * *
> (f) That the standard of review of an insurer's interpretation of the policy or claim decision is other than a de novo review. . . .

WAC 284-96-012.  Since WAC 284-96-012 regulates the terms insurance companies can place in their policies, the Court finds that the first prong is met. See e.g., Standard Ins. Co. v. Morrison, 584 F.3d 837, 842 (9th Cir. 2009) (hereinafter "Morrison").  Defendants argue that WAC 284-96-012 cannot alter the terms of an ERISA plan itself.[1]  Dkt. #16 at 18.  Defendants also argue that the regulation only applies to insurance policies and insurers, not to ERISA plans or to discretionary authority granted to plan administrators or their designees in the plan's Summary Plan Description ("SPD").[2]  Dkt. #16 at 18-19.  Morrison addressed and rejected the

---

[1] The Court notes that the insurance policy contains the same discretionary clause as the plan. Dkt. #19 [Wooten Decl.], Ex. A at 43.

[2] The SPD is the statutorily established means of informing participants of the terms of the plan and its benefit, and the employee's primary source of information regarding employment benefits.

AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: STANDARD OF
REVIEW - 3

same argument. The defendant insurance company argued that Montana's insurance commissioner's "practice of disapproving discretionary clauses is not specifically directed at insurance companies because it is instead directed at ERISA plans and procedures." Morrison, 584 F.3d at 842. The Ninth Circuit concluded that "<u>ERISA plans are a form of insurance</u>, and the practice [of disapproving discretionary clauses] regulates insurance companies by limiting what they can and cannot include in their insurance policies." Id. (emphasis added). Additionally, the possibility that a state law could affect non-insurers is not enough "to remove a state law entirely from the category of insurance regulation saved from preemption." Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355, 372 (2002). Accordingly, the fact that an insurance rule has an effect on third parties such as plan administrators does not disqualify it from being a regulation of insurance. Morrison, 584 F.3d at 842.

The Court also finds that WAC 284-96-012 substantially affects the risk-pooling arrangement. "Risk pooling involves spreading losses 'over all the risks so as to enable the insurer to accept each risk.'" Morrison, 584 F.3d at 844. A prohibition of discretionary clauses "substantially affect[s] the risk-pooling arrangement between insurers and insureds because [it] alter[s] the scope of permissible bargains between insurers and insureds." Am. Council of Life Ins. v. Ross, 558 F.3d 600, 606 (6th Cir. 2009). Additionally, removing the deferential standard of review from insurers will likely "lead to a greater number of claims being paid. More losses will thus be covered, increasing the benefit of risk pooling for consumers." Morrison, 584 F.3d at 845.

Defendants argue that the discretionary grant in the SPD alone governs the standard of review. However, the authority cited is inapposite. The cases do not analyze the impact of a law that prohibits discretionary clauses on the standard of review.³ Dkt. #16 at 18-19, 21-24.

---

Bergt v. Ret. Plan for Pilots Employed by Mark Air, Inc., 293 F.3d 1139, 1143 (9th Cir. 2002). Courts have consistently held that the SPD is part of the ERISA plan. Id.

³The Court notes that while the plaintiff in Daic v. Metro. Life Ins. Co., 458 F.Supp.2d 1167, 1175 (D.Hi. 2006) argued that the discretionary clause violated a state law, the Court found that there

AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: STANDARD OF
REVIEW - 4

Defendants also argue that allowing the Washington Insurance Commissioner "to read discretionary language out of an ERISA plan – not just a disability insurance policy – . . . would, in practice, mandate universal de novo review of ERISA determinations." Id. at 20-21. The cases cited by defendants do not support their position. Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 115 (2008) addressed the question of how a conflict of interest by a plan administrator who both evaluates and pays claims should be taken into account on judicial review of a discretionary benefit determination. The court concluded that when judges review the lawfulness of benefits denial, the court will weigh conflict as one factor to determine whether there was an abuse of discretion. Id. at 115-16. In Aetna Health Ins. v. Davila, 542 U.S. 200, 205 (2004), plaintiffs brought a claim against the health maintenance organization that administered their ERISA plan. Plaintiffs alleged that the refusal to provide coverage violated the HMO's duty to exercise ordinary care under the state statute and was the proximate cause of their damages. Id. The Court held that the state statute was preempted by ERISA because the claims were brought to remedy only the denial of benefits under the ERISA-regulated benefit plans. Id. at 221. These cases do not support defendants' assertions.

Accordingly, the Court concludes that WAC 284-96-012 is saved from preemption under ERISA.

**B.**   **State Law**

Defendants argue that WAC 284-96-012 does not apply retroactively to reform the terms of policies previously approved by the Insurance Commissioner prior to the effective date of the regulation. Defendants cite to case law construing California Insurance Code section 10291.5. Section 10291.5 establishes the parameters within which California's Insurance Commissioner exercises his discretion to approve or disapprove insurance policies in order to prevent fraud, unfair trade practices and insurance economically unsound to the insured. In Saffon v. Wells Fargo & Co. Long Term Disability Plan, 522 F.3d 863, 867 (9th

---

was no private right of action in the law, and therefore did not analyze the impact the law had on the standard of review.

AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: STANDARD OF
REVIEW - 5

Cir. 2008), the court concluded that California law does not authorize the commissioner to nullify an ERISA plan's grant of discretionary authority retroactively. Id. (citing Cal. Ins. Code § 10291.5(f)). Section 10291.5(f) allows the commissioner to withdraw approval of the filing of any policy. The court noted that even assuming "that the Commissioner may prohibit insurance companies from using this discretionary clause in future insurance contracts, he cannot rewrite existing contracts so as to change the rights and duties thereunder." Id. In contrast, WAC 284-96-012 does not establish similar parameters within which Washington's Insurance Commissioner may exercise discretion to approve or disapprove insurance policies. Rather, it prohibits discretionary clauses in all disability policies outright.

Courts may apply an administrative regulation retroactively if (1) the agency intended the amendment to apply retroactively, (2) the effect of the amendment is remedial or curative, or (3) the amendment serves to clarify the purpose of the existing rule. Averill v. Farmers Ins. Co. of Wn., 155 Wn. App. 106, 115 (2010). There is no indication that the agency intended the regulation to be retroactive, nor is the effect remedial. The Insurance Commissioner claims that WAC 284-96-012 was a mere clarification of existing law. However, the Court has serious doubts that the regulation was a mere clarification. Prior to the regulation's enactment, no practitioners made similar arguments. Accordingly, the Court finds that WAC 284-69-012 does not apply retroactively.

Plaintiff argues that the regulation still applies because it was the law at the time of the legally operative denial and because Washington State law requires contemporaneous application of insurance regulations. RCW 48.18.510; Wn. State Register 09-07-030.

The parties agree that judicial review is based upon the policy in effect as of the date the claim is denied.[4] Dkt. #14 [Mot.] at 15, #16 [Opp.] at 16:22-23; see Van Alstine v. Cigna, 73

---

[4] The cases cited by defendants do not address whether the initial or final denial is the operative denial for accrual in ERISA claims. Dkt. #16 at 16-17. Defendants argue that the initial denial is the precipitating event, citing to Insurance Fair Conduct Act cases. These cases are inapposite because the Ninth Circuit has held that the operative denial for ERISA claims is the final denial. Wise v. Verizon Comm'ns Inc., 600 F.3d 1180, 1188 (9th Cir. 2010).

AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: STANDARD OF
REVIEW - 6

Fed. Appx. 956, 957 (9th Cir. 2003) (relevant plan documents in deciding the standard of review are those in effect at the time of the denial of benefits).  However, the parties dispute whether the operative denial is the initial denial in January 2009 or the final denial after exhaustion of administrative remedies in January 2010.  The Ninth Circuit has held that an ERISA claim accrues on the date of the final denial notification when the claimant is informed that no further internal appeals are possible and that his/her opportunity to submit more medical documentation had ceased.  Wise, 600 F.3d at 1188.  The Court finds that WAC 284-96-012 applies here because the operative denial occurred in January 2010 when plaintiff was notified that he had exhausted his administrative remedies and could file suit.  WAC 284-96-012 became effective on September 5, 2009, four months before plaintiff's cause of action accrued in January 2010.  The Office of Insurance Commissioner intended carriers to administer "current contracts or policies . . . as though they did not contain discretionary clauses."  Wn. State Register 09-07-030; see RCW 48.18.510.  The regulation specifically prohibits a "standard of review of an insurer's interpretation of the policy or claim decision [be] other than a de novo review."  WAC 284-96-012(1)(f).

Accordingly, the Court concludes that plaintiff's claim accrued in January 2010 when he received notice that he had exhausted his administrative remedies and could file suit.  Wise, 600 F.3d at 1188.  The Court further finds that the grant of discretionary authority in the plan and policy in effect in January 2010 violated Washington's prohibition of discretionary clauses.[5]  WAC 284-96-012; see Seattle-First Nat'l Bank v. Wn. Ins. Guaranty Assoc., 94 Wn. App. 744, 753 (1999) ("Contracts for insurance must comply with statutes.  Non-compliant

---

[5] Defendants argue that a finding that the plan's grant of discretionary power violates WAC 284-96-012 violates Washington's separation of powers doctrine. Dkt. #16 at 14-15. This argument is without merit. The Supreme Court and Ninth Circuit precedent cited by defendants do not address how a law prohibiting discretionary clauses affects the standard of review. Accordingly, the Court's findings do not overrule cases such as Glenn, 554 U.S. 105.

AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: STANDARD OF
REVIEW - 7

contract provisions will not invalidate the contract; rather, we construe such provisions to comply with statutes.  RCW 48.18.510.").[6]

## III. CONCLUSION

For all the foregoing reasons, the Court GRANTS plaintiff's motion for partial summary judgment, and finds that the applicable standard of review is *de novo*.

DATED this 10th day of February, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[6] Defendants argue that Tebb v. Cont'l Cas. Co., 71 Wn. 2d 710, 712 (1967) determined whether RCW § 48.18.510 "reforms preexisting insurance contracts in light of new statutory or regulatory enactments imposing new requirements thereon."  Dkt. #16 [Opp.] at 13.  The Court disagrees.  The issue in Tebb was whether "the acceptance of a renewal premium by the defendant effectuate[s] a new contract between the parties or . . . merely extend[s] the old policy."  Tebb is therefore irrelevant.  71 Wn. at 712.

AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: STANDARD OF
REVIEW - 8